## UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| TAURIS L. SLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAMILTON COUNTY GOVERNMENT, | ) | |
| a public entity, | ) | |
| 625 Georgia Avenue | ) | |
| Chattanooga, Tennessee 37402; | ) | Case No. _____ |
| | ) | **Jury Demand** |
| HAMILTON COUNTY BOARD OF | ) | |
| EDUCATION d/b/a HAMILTON | ) | |
| COUNTY SCHOOLS, | ) | |
| a public entity, | ) | |
| 3074 Hickory Valley Road | ) | |
| Chattanooga, Tennessee 37421; | ) | |
| | ) | |
| HAMILTON COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| a public entity, | ) | |
| 600 Market Street | ) | |
| Chattanooga, Tennessee 37402; | ) | |
| | ) | |
| HAMILTON COUNTY SHERIFF | ) | |
| AUSTIN GARRETT, | ) | |
| in his official and individual capacities; | ) | |
| | ) | |
| And | ) | |
| | ) | |
| TYLER MCRAE | ) | |
| in his official and individual capacities; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now the Plaintiff, Tauris L. Sledge, by and through counsel, pursuant to the Rules of Civil Procedure, and hereby submits this Complaint under 42 U.S.C. § 1983 and the Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment to the United States Constitution and pendent state law statutory and common law. In support thereof, Plaintiff Tauris L. Sledge alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil rights action arising under 42 U.S.C. § 1983 and the Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment to the United States Constitution; Article I, §§ 7, 8, and 16 of the Tennessee Constitution; Tenn. Code Ann. § 29-20-201 *et seq*.; Tenn. Code Ann. § 8-8-302; and Tennessee common law.

2. On September 20, 2022, at approximately 10:10 A.M., Tauris L. Sledge was a student at the East Ridge High School located at 4320 Bennet Road, East Ridge, Tennessee. Tauris L. Sledge was in the gymnasium during gym class when an argument ensued between a male gym teacher and Tauris L. Sledge regarding playing kick ball or basketball. It is unclear whether the gym teacher summoned the school resource officer (SRO) or if the SRO self-assigned to respond to the gymnasium. In either case, the SRO, Tyler McRae, got involved in this administrative matter. A discussion took place between Tauris L. Sledge and SRO Tyler McRae and ultimately McRae attempted to arrest Sledge using physical force and deployment of OC spray for an alleged disorderly conduct charge.

3.     At the time of this incident, the Defendant Hamilton County Sheriff's Department ("HCSD") employed Defendant McRae as an SRO.  Pursuant to a agreement with Hamilton County Schools ("HCS") implementing its SRO program, Defendants Hamilton County Government ("Hamilton County"), HCSD, and HCS stationed Defendant McRae at East Ridge High School where the assault took place.  They did so without having an adequate training program or properly training or otherwise preparing Defendant McRae to work with high school students.  They further failed to remove him from his post or train him after a previous use-of-force against a student less than 15 days prior to the assault on Tauris L. Sledge.  These failures led directly to Tauris L. Sledge's injuries.

4.     Defendants' actions and/or inactions caused Plaintiff Tauris L. Sledge to suffer physical injury, physical pain and suffering, and emotional pain and suffering.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and § 1343 (civil rights jurisdiction).  This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1347.

6.     Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendants Hamilton County, HCSD, and HCS reside in this district and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in this district.

## THE PARTIES

7. Plaintiff Tauris L. Sledge is a citizen and resident of Hamilton County, Tennessee.

8. Defendant, Hamilton County Government is a municipality chartered by the State of Tennessee and as such is a political subdivision under the laws of the State of Tennessee. Defendant Hamilton County Government operates and maintains a law enforcement agency known as the Hamilton County Sheriff's Department. Pursuant to T.C.A. § 8-8-302, Plaintiff may bring this action for injury and damage resulting from the act of a sheriff deputy against the county in which the sheriff serves provided that the deputy, at the time of such occurrence, acted by virtue of or under color of the office. At the time of Defendant McRae's assault on Tauris L. Sledge., Defendant McRae was acting under color of his office with Defendants HCSD, Hamilton County, and HCS. Hamilton County may be served through its "chief executive officer" and/or its Mayor Weston Wamp, who can be served at 625 Georgia Avenue, Chattanooga, TN 37402.

9. Defendant HCS is a public entity operating in Hamilton County Tennessee and organized under the laws of the State of Tennessee. HCS is a public-school district. The school where Tauris L. Sledge attended where the assault by Defendant McRae took place, East Ridge High School, is one of the schools within the HCS. Defendant HCS can be served through Mayor Weston Wamp, who can be served at 625 Georgia Avenue, Chattanooga, TN 37402.

10. Defendant HCSD is a law enforcement agency operating in Hamilton County Tennessee and organized under the laws of the State of Tennessee. At the

time of Defendant McRae's assault on Tauris L. Sledge, Defendant McRae was a deputy and SRO for Defendant HCSD and therefore, Defendant Hamilton County. Defendant HCSD can be served with service of process on Mayor Weston Wamp, who can be served at 625 Georgia Avenue, Chattanooga, TN 37402.

11. Defendant Sheriff Austin Garrett ("Defendant Garrett") at all times relevant an employee of Defendants Hamilton County and HCSD and the final policy maker for Defendant HCSD. At all times relevant to this lawsuit, Defendant Garrett was acting under color of state law as an agent of Defendants HCSD and Hamilton County. Defendant Garrett, in his individual capacity, can be served with service of process, at his office located at 600 Market Street, Chattanooga, Tennessee 37402, and in his official capacity, on Mayor Weston Wamp, who can be served at 625 Georgia Avenue, Chattanooga, TN 37402.

12. Defendant McRae was continuously employed as a police officer with HCSD from the date of this incident to now. At all times relevant to this lawsuit, pursuant to an agreement between the Defendants HCSD and HCS, Defendant HCSD employed and HCS used Defendant McRae as a SRO at East Ridge High School in Chattanooga, Tennessee, where the incident occurred. At all times relevant to this lawsuit, Defendant McRae was acting under color of state law as an agent of Defendants HCSD, HCS, and Hamilton County. Defendant McRae, in his individual capacity, can be served with service of process at 283 New Murraytown Road NW, Cleveland, Tennessee 37312, and in his official capacity, on Mayor Weston Wamp, who can be served at 625 Georgia Avenue, Chattanooga, TN 37402.

## FACTS

13.     Tauris L. Sledge was a student at the East Ridge High School located at 4320 Bennet Road, East Ridge, Tennessee.

14.     Tauris L. Sledge was in the gymnasium during gym class when an argument ensued between a male gym teacher and Tauris L. Sledge regarding playing kick ball or basketball.

15.     It is unclear whether the gym teacher summoned the school resource officer (SRO) or if the SRO self-assigned to respond to the gymnasium.  In either case, the SRO, Tyler McRae, got involved in this administrative matter.

16.     McRae placed his left hand on Sledge's shoulder area-Sledge told McRae to "get your hands off me" a couple of times.  Sledge states, "You got five seconds to get your hands off me."  McRae's response was "What the f*** you gonna do?"

17.     McRae told Sledge that he is really pushing towards Disorderly Conduct.

18.     McRae told Sledge to get his stuff (from the bleachers) because Mr. Perry (the gym teacher) wants to see Sledge in some area of the gym.

19.      "You're fixing to take a ride to jail dude, I ain't f*****g with you.

20.     McRae ordered Sledge to stand up and come with me for causing a disorderly inside the gym.

21.     McRae told Sledge to take off his backpack and grabbed Sledge by the neck/throat area.

22.     McRae has Sledge by his hair and is swinging Sledge around the bleacher steps.

23.     McRae OC sprayed Sledge in the facial area consistently telling Sledge to take the bag off (Sledge's backpack) however McRae failed to move in to either remove the bag or attempt to handcuff Sledge.  Not until many minutes later did McRae move in to try to remove the bag from Sledge's shoulders but was unsuccessful.

24.     McRae deployed his PR-24 (commonly referred to as a nightstick) and wedged it underneath Sledge's left armpit in an attempt to pull out Sledge's left arm that is still holding onto the backpack.  No calls for back-up have were made at this point.

25.     Sergeant Myrick with the HCSD responded to school and McRae said he followed Sledge to the bleachers and "At this point, he's hooked, he's mine."

26.     When McRae first placed his hand on Sledge's shoulder, this contact is unwarranted and inappropriate.  McRae seemingly is trying to de-escalate the discussion between the gym teacher and Sledge but oversteps boundaries by making physical contact with Sledge for no lawful reason.  This force utilized to take Sledge into custody is unreasonable and excessive.

27.     This was an administrative issue between the gym teacher and Tauris Sledge as to what game Sledge was supposed to be playing.  McRae incorrectly determined that Sledge had committed a criminal offense of Disorderly Conduct.

28.     Tauris L. Sledge's behavior and action did not rise to the level of the disorderly conduct criminal offense as charged by SRO McRae.  This was an administrative situation involving the school administration and not law enforcement.  Had McRae been trained in the position of a School Resource Officer, this subject incident would not have occurred because McRae would have understood his role as an SRO and not used force in addressing a minor disciplinary issue which should have been addressed by school staff.  In addition, the Hamilton County Sheriff's Department indicated in their policy:

> 2. The SRO shall not participate in administrative disciplinary action of students. School Resource Officers are sworn, State-certified law enforcement officers and, as such, are governed by Constitutional, Federal and State Laws as well as Sheriff's Office Policies and Procedures.  Enforcement action is to be initiated only based on reasonable suspicion and /or probable cause that a possible law violation has occurred.

29.     According to the Basic SRO Manual: "An SRO **is not** a disciplinarian of school sanctions.  This is strictly the responsibility for administrators and should remain as such to not confuse the role of the SRO as a law enforcement officer."

30.     McRae had been the assigned SRO at East Ridge High School for 18 days and this was McRae's second use of force incident involving students at the school.

**CLAIMS FOR RELIEF**

**COUNT ONE**
**Use of Excessive Force in Violation of the Fourth Amendment and Eighth Amendment**
**Pursuant to 42 U.S.C. § 1983**

**Against Defendant McRae in his Individual Capacity and Official Capacity**

31.     The allegations of Paragraphs 1 through 30 of this Complaint are incorporated by reference as if fully set forth herein.

32.     The Fourth Amendment and Eighth Amendment to the U.S. Constitution protect an individual's right to be free from objectively unreasonable uses of force that are excessive to the need.

33.     Defendant McRae's assault of Tauris L. Sledge, as described in the foregoing paragraphs, was objectively unreasonable and excessive use of force under the circumstances.

34.     Defendant McRae's actions violated Tauris L. Sledge's clearly established constitutional rights.

35.     At all times relevant to this action, Defendant McRae acted under color of state law and is liable pursuant to 42 U.S.C. § 1983.

36.     Defendant McRae's actions were intentional, malicious, and reckless and showed a callous disregard for Tauris L. Sledge's rights.

37.     Defendant McRae's actions directly and proximately caused Tauris L. Sledge to suffer significant physical and psychological injuries.  Accordingly, Defendant McRae is liable to Tauris L. Sledge for compensatory and punitive damages.

**COUNT TWO**
**False Arrest in Violation of the Fourth Amendment**
**Pursuant to 42 U.S.C. § 1983**
**Against Defendant McRae in his Individual Capacity and Official Capacity**

38.     The allegations of Paragraphs 1 through 37 of this Complaint are incorporated by reference as if fully set forth herein.

39.     Defendant McRae unlawfully seized Tauris L. Sledge when he grabbed him, slammed him into the ground, and handcuffed him.

40.     Defendant McRae arrested Tauris L. Sledge without a warrant or probable cause.

41.     The facts and circumstances within Defendant McRae's knowledge would not have caused a prudent officer to believe, under the circumstances shown, that Tauris L. Sledge had committed or was committing a criminal offense.

42.     A reasonable officer in the same circumstances and possessing the same knowledge as Defendant McRae could not have believed that probable cause existed to place Tauris L. Sledge under arrest.

43.     The unlawful arrest by Defendant McRae directly caused Tauris L. Sledge to suffer mental anguish, humiliation, embarrassment, shame, loss of reputation, and other damages.

44.     Defendant McRae's actions were intentional, malicious, and reckless and showed a callous disregard for Tauris L. Sledge's rights.

45.     This unlawful arrest occurred after prior instances of Defendant McRae using similar force and restraint against another student within 18 days of employment as an SRO at the school by Defendants HCSD, Hamilton County, and HCS of which all Defendants had knowledge.

46.     This unlawful arrest in violation of Tauris L. Sledge's constitutional rights is a direct result of the deliberate indifference by Defendants HCSD, Hamilton County, and HCS to provide an adequate training program and supervise Defendant McRae.

47.     Defendant McRae is liable in his individual and official capacity to Tauris L. Sledge for compensatory and punitive damages.

## COUNT THREE
## Use of Excessive Force in Violation of the Fourth Amendment and Eighth Amendment
## (*Monell*/Municipal Liability)
## Pursuant to 42 U.S.C. § 1983
## Against Defendants HCS, HCSD, Hamilton County, and Sheriff Bucky Garrett in his
## Official Capacity

48.     The allegations of Paragraphs 1 through 47 of this Complaint are incorporated by reference as if fully set forth herein.

49.     The Fourth Amendment and Eighth Amendment to the U.S. Constitution protect an individual's right to be free from objectively unreasonable uses of force that are excessive to the need.

50.     Defendant McRae's assault of Tauris L. Sledge, as described in the foregoing paragraphs, was objectively unreasonable and excessive use of force under the circumstances.

51.     Defendant McRae's actions violated Tauris L. Sledge's clearly established constitutional rights.

52. At all times relevant to this action, Defendant McRae acted under color of state law and is liable pursuant to 42 U.S.C. § 1983.

53. Defendant McRae's actions were intentional, malicious, and reckless and showed a callous disregard for Tauris L. Sledge's rights.

54. At all relevant times Defendant McRae was employed as an SRO by Defendants HCS, HCSD, and Hamilton County.

55. As the final policymaker for Defendant HCSD, Sheriff Garrett made a deliberate choice to place and keep Defendant McRae at East Ridge High School without training even after he had used force on one student prior to Tauris L. Sledge that involved OC spraying the child.

56. Even if Sheriff Garrett's course of action could be described as a single decision to place Defendant McRae at the school while authorized to use force against schoolchildren like Tauris L. Sledge without training, that single decision was consciously chosen from among various alternatives.

57. Sheriff Garrett's decision as Defendant HCSD's policymaker directly caused the violation of Tauris L. Sledge's Fourth Amendment and Eighth Amendment rights and makes Defendants HCSD and Hamilton County liable for the violation.

58. Defendants HCS, HCSD, and Hamilton County are also liable for the violation of T.C's constitutional rights due to their ratification of their employee's illegal conduct after the review and approval of their final policymakers.

59.     Through the use of force reports and other information, Sheriff

Garrett acts as final policymakers for Defendants HCSD and HCS, respectively,

became aware of the decisions by Defendant McRae to use force without training

against students and subsequent approval by Defendant McRae's supervisor of

those incidents including, initially, the use of force against Tauris L. Sledge

60.     The knowing approval of Defendant McRae's actions by final

policymakers for Defendants HCS and HCSD ratified those actions and made

Defendants HCS, HCSD, and Hamilton County liable for the resulting injuries to

Tauris L. Sledge

61.     All Defendants' actions directly and proximately caused Plaintiff

Tauris L. Sledge to suffer significant physical and psychological

injuries.  Accordingly, Defendants HCS, HCSD, and Hamilton County are liable to

Tauris L. Sledge for compensatory and punitive damages.

## COUNT FOUR
## Failure to Train (*Monell*/Municipal Liability)
## Pursuant to 42 U.S.C. § 1983
## Against Defendants HCS, HCSD, Hamilton County, and Sheriff Bucky Garrett in his
## Individual Capacity and Official Capacity

62.     The allegations of Paragraphs 1 through 61 of this Complaint are

incorporated by reference as if fully set forth herein.

63.     Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett are

liable for Defendant McRae's actions, as their policies, practices, and customs

directly resulted in the deprivation of Tauris L. Sledge's constitutional rights.

64.     In contravention of federal and state law and National Association of School Resource Officers ("NASRO") best practices, Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett acted with deliberate indifference by adopting a policy of authorizing SROs to "take law enforcement action when necessary" and help enforce the school code of conduct, yet implemented no training program adequate to properly train deputies prior to putting them in the schools to carry out that function safely.

65.     Defendant Garrett is a county official with policymaking authority over training and supervising the deputies under his command, including Defendant McRae.  Defendant Garrett made the decision to place Defendant McRae, an untrained SRO at East Ridge High School; made the decision to place Defendant McRae at the school.

66.     Defendant McRae's supervisor signed off on prior uses of force, including the one involving Tauris L. Sledge

67.     Defendant Garrett's deliberate policy decisions provide a basis for municipal liability separate and apart from the inadequate training policy.

68.     The type of harm suffered by Tauris L. Sledge due to Defendants HCS, HCSD, Hamilton County, and Sheriff Garrett failure to have an adequate training program  is precisely the kind of harm sought to be avoided by specialized SRO training. It is obvious that the harm caused would occur without the specialized training for policing children in schools. When policing children in schools, Defendants' officers deal with the recurrent situation of having to use force on

children. The need for training on this was obvious and the Defendants showed deliberate indifference to this need. The policymakers were aware of the need for specialized training, yet it was ignored.

69. Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett are further liable because Defendant Garrett, final policymaker, was deliberately indifferent to the harm that would obviously result from his decisions. He could have required training but chose not to require it even after a prior use of force against children. Defendant Garrett further ratified Defendant McRae's illegal conduct by approving after review his uses of force without training, which signals that the conduct conformed to Defendants' policy.

70. For their repeated failure to adequately train, supervise, or discipline Defendant McRae, Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett are liable for the violation of Tauris L. Sledge's constitutional rights.

71. Defendant McRae's actions against Tauris L. Sledge directly resulted from Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett's deliberate indifference to the risk of excessive force and false arrest against schoolchildren like Tauris L. Sledge, created by their deliberately indifferent failure to provide an adequate training program and supervise Defendant McRae.

72. Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett violated Tauris L. Sledge's clearly established right to be free of excessive force and unlawful arrest under the Fourth Amendment and Eighth Amendment to the

United States Constitution and are liable pursuant to 42. U.S.C. § 1983 and federal case law.

73.     Defendants HCS, HCSD, and Hamilton County's actions directly and proximately caused Tauris L. Sledge to suffer significant physical and psychological injuries.  Accordingly, Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett are liable to Tauris L. Sledge for compensatory and punitive damages.

**COUNT FIVE**
**Failure to Supervise (*Monell*/Municipal Liability)**
**Pursuant to 42 U.S.C. § 1983**
**Against Defendants HCS, HCSD, Hamilton County, and Sheriff Bucky Garrett in his**
**Individual Capacity and Official Capacity**

74.     The allegations of Paragraphs 1 through 73 of this Complaint are incorporated by reference as if fully set forth herein.

75.     Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett all failed to supervise Defendant McRae after a prior use of force without training.

76.     Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett are liable for their actions due to their custom, tolerance, and acquiescence to federal rights violations by Defendant McRae who repeatedly brought schoolchildren to the ground and handcuffed them without training in doing so to children.

77.     Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett are liable for these actions because they failed to take any remedial action in the face of an obvious need to act and their failure to act amounts to deliberate indifference.

78.     Defendant McRae's actions against Tauris L. Sledge directly resulted from Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett's deliberate indifference to the risk of excessive force and false arrest against schoolchildren like Tauris L. Sledge, created by their deliberately indifferent failure to provide an adequate training program and supervise Defendant McRae.

79.     Had Defendant McRae been trained, or removed from the force or the school following either or both of his prior uses of force without training, Tauris L. Sledge could have been spared the humiliation, indignity, and violation to which he was subjected by Defendant McRae while Defendant McRae was on duty, in uniform, and armed to use force against schoolchildren without training.

80.     Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett violated Tauris L. Sledge's clearly established right to be free of excessive force and unlawful arrest under the Fourth Amendment and are liable pursuant to 42. U.S.C. § 1983 and federal case law.

81.     Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett's actions directly and proximately caused Tauris L. Sledge to suffer significant physical and psychological injuries.  Accordingly, Defendants HCSD, HCS, Hamilton County, and Sheriff Garrett are liable to Tauris L. Sledge for compensatory and punitive damages.

**COUNT SEVEN**
**Assault and Battery**
**Against Defendant McRae in his Individual Capacity and Official Capacity and Hamilton County**

82.     The allegations of Paragraphs 1 through 81 of this Complaint are incorporated by reference as if fully set forth herein.

83.     Defendant McRae intentionally made harmful physical contact with Tauris L. Sledge.

84.     Defendant McRae then handcuffed Tauris L. Sledge.

85.     The force used by Defendant McRae against Tauris L. Sledge was beyond excessive and completely unconscionable by any reasonable standard.

86.     Because Defendant McRae caused Tauris L. Sledge's injury while acting under color of his office, Defendant Hamilton County is liable to Tauris L. Sledge for Defendant McRae's actions pursuant to Tauris L. Sledge Tenn Code Ann. § 8-8-302.

87.     Since Tauris L. Sledge's injuries are the proximate result of Defendant McRae's intentional, willful, and wanton conduct, Defendants McRae and Hamilton County are liable to Tauris L. Sledge for compensatory and punitive damages.

**COUNT EIGHT**
**Intentional Infliction of Emotional Distress**
**Against Defendants McRae in his Individual Capacity and Official**
**Capacity and**
**Hamilton County**

88.     The allegations of Paragraphs 1 through 87 of this Complaint are incorporated by reference as if fully set forth herein.

89.     Defendant McRae acted intentionally and recklessly when he used excessive force on Tauris L. Sledge in the school gymnasium in front of other children.

90.     Defendant McRae's conduct in grabbing Tauris L. Sledge with both arms, throwing him around by his body and hair, and spraying him in the face with OC spray is completely outrageous and not to be tolerated by civilized society given Tauris L. Sledge's size and stature compared to that of Defendant McRae.

91.     Defendant McRae's attack resulted in Tauris L. Sledge suffering an immediate concussion symptoms and subsequent and continuing headaches. Tauris L. Sledge has further suffered significant increase in anxiety, distrust of law enforcement, continued stress, and other emotional damages from Defendant McRae's attack.

92.     Because Defendant McRae caused Tauris L. Sledge's injury while acting under color of his office, Defendant Hamilton County is liable to Tauris L. Sledge for Defendant McRae's actions pursuant to Tauris L. Sledge Tenn. Code Ann. § 8-8-302.

93.     Since Tauris L. Sledge's injuries are the proximate result of Defendant McRae's intentional, willful, and wanton conduct, Defendants McRae and Hamilton County are liable to Tauris L. Sledge for compensatory and punitive damages.

## COUNT NINE
## False Imprisonment
### Against Defendant McRae in his Individual Capacity and Official Capacity and

94.     The allegations of Paragraphs 1 through 93 of this Complaint are incorporated by reference as if fully set forth herein.

95.     By body-slamming Tauris L. Sledge and throwing him around by his body and hair, and spraying him in the face with OC spray, Defendant McRae intentionally confined and restrained Tauris L. Sledge

96.     Defendant McRae effected this confinement and restraint of Tauris L. Sledge against Tauris L. Sledge's will.

97.     Defendant McRae's confinement and restraint through the use of force against Tauris L. Sledge was without a warrant or probable cause to believe that he was under assault as he later admitted.

98.     Because Defendant McRae caused Tauris L. Sledge's injury while acting under color of his office, Defendants Hamilton County is liable to Tauris L. Sledge for Defendant McRae's actions pursuant to Tauris L. Sledge Tenn Code Ann. § 8-8-302.

99.     Since Tauris L. Sledge's injuries are the proximate result of Defendant McRae's intentional, willful, and wanton conduct, Defendants McRae and Hamilton County are liable to Tauris L. Sledge for compensatory and punitive damages.

**COUNT TEN**
**Negligence**
**Against Defendants HCS, MPSD, and Hamilton County**

100.    The allegations of Paragraphs 1 through 99 of this Complaint are incorporated by reference as if fully set forth herein.

101.    At all relevant times, Defendants owed Tauris L. Sledge a duty to act in a reasonable and prudent manner, exercise due care and caution, and provide a safe and secure environment for the students of East Ridge High School including Tauris L. Sledge

102.    Defendants HCS, HCSD, and Hamilton County breached this duty knowingly employing Defendant McRae at East Ridge High School as an SRO authorized to use force against students without training and failing to supervise or discipline him after a prior of force against schoolchildren that involved taking the student to the ground and handcuffing as well as use of OC spraying them prior to his assault on Tauris L. Sledge

103.    As a further and direct proximate result of all Defendants' breaches of their duties, Tauris L. Sledge's constitutional rights were violated causing his injuries and unnecessary pain and suffering.

104.    Defendants' actions and/or omissions as it relates to the non-intentional state law claims in this case are not protected by the immunity provision in the GTLA because Tauris L. Sledge's claims arise from the negligent acts and/or omissions of Defendants' employees acting within the scope of their employment (Tauris L. Sledge Tenn. Code Ann. § 29-20-205) while performing nondiscretionary functions of the employment.

105.    Accordingly, Defendants HCS, HCSD, and Hamilton County are liable to Tauris L. Sledge for compensatory damages for their breach of the duties owed to him which caused him such injuries.

**COUNT ELEVEN**
**Negligent Infliction of Emotional Distress**
**Against Defendants HCSD, HCS, and Hamilton County**

106.    The allegations of Paragraphs 1 through 105 of this Complaint are incorporated by reference as if fully set forth herein.

107.    At all relevant times, Defendants owed Tauris L. Sledge a duty to act in a reasonable and prudent manner, exercise due care and caution, and provide a safe and secure environment for the students of East Ridge High School including Tauris L. Sledge

108.    Defendants HCS, HCSD, and Hamilton County breached this duty knowingly employing Defendant McRae at East Ridge High School as an SRO authorized to use force against students without training and failing to supervise or discipline him after a prior use of force against schoolchildren that involved OC spraying  the student prior to his assault on Tauris L. Sledge

109.    As a further and direct proximate result of Defendants HCS, HCSD, and Hamilton County breaches of their duties, Tauris L. Sledge suffered significant mental anguish and emotional distress resulting in the need for psychiatric care.

110.    Defendants' actions and/or omissions as it relates to the non-intentional state law claims in this case are not protected by the immunity provision in the GTLA because Tauris L. Sledge's claims arise from the negligent

acts and/or omissions of Defendants' employees acting within the scope of their employment (Tauris L. Sledge Tenn. Code Ann. § 29-20-205) while performing nondiscretionary functions of the employment.

111.     All Defendants HCS, HCSD, and Hamilton County are liable to Tauris L. Sledge for compensatory damages for their breach of the duties owed to him which caused him such injuries.

## COUNT TWELVE
### Negligent Supervision and Retention
### Against Defendants HCS, HCSD, and Hamilton County

112.     The allegations of Paragraphs 1 through 111 of this Complaint are incorporated by reference as if fully set forth herein.

113.     At all relevant times, Defendants owed Tauris L. Sledge a duty to assign competent SROs to police East Ridge High School where Tauris L. Sledge was a student.  Defendants had a duty to provide an adequate training program and to supervise and discipline their agents/employees, including Defendant McRae.

114.     Defendants HCS, HCSD, and Hamilton County breached this duty by knowingly employing Defendant McRae at East Ridge High School as an SRO authorized to use force against students without training, failing to provide an adequate training program, and failing to supervise or discipline Defendant McRae a prior use of force against school children that involved taking the student to the ground and handcuffing them prior to his assault on Tauris L. Sledge

115. Defendants had actual knowledge of these prior uses of force as shown in the use of force reports made by Defendant McRae.

116. As a further and direct proximate result of all Defendants' breaches of their duties, Tauris L. Sledge's constitutional rights were violated causing his injuries and unnecessary pain and suffering.

117. Defendants' actions and/or omissions as it relates to the non-intentional state law claims in this case are not protected by the immunity provision in the GTLA because Tauris L. Sledge's claims arise from the negligent acts and/or omissions of Defendants' employees acting within the scope of their employment (Tauris L. Sledge Tenn. Code Ann. § 29-20-205) while performing non discretionary functions of the employment.

118. Accordingly, Defendants HCS, HCSD, and Hamilton County are liable to Tauris L. Sledge for compensatory damages for their breach of the duties owed to him which caused him such injuries.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Honorable Court issue the following relief:

1. Assume jurisdiction over this matter;

2. Find the Defendants jointly and severally liable to Tauris L. Sledge for his injuries;

3.      Award Plaintiff compensatory damages against Defendants Hamilton County, HCSD, HCS, McRae, and Sheriff Garrett in an amount not less than $ 1.5 million;

4.      Award Plaintiff punitive damages against Defendants Hamilton County, HCSD, HCS, McRae, and Sheriff Garrett in an amount not less than $ 5 million;

5.      Award Plaintiff the costs of this lawsuit, including reasonable and necessary attorney fees and expert fees pursuant to 42 U.S.C. § 1988;

6.      Award Plaintiff pre-judgment and post-judgment interest as allowed by law;

7.      Grant any other relief, at law or in equity, which this Honorable Court deems just and proper;

8.      Plaintiff specifically reserves the right to amend this Complaint to conform to the evidence.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Tauris L. Sledge demands a trial by jury in this action of all issues so triable.

Respectfully submitted,

s/ Roger D. Layne
Roger D. Layne (B.P.R. # 33873)
Davis, Kessler & Davis
433 Cherokee Blvd.
Chattanooga, TN 37405
(423) 267-7000
*Attorney for Plaintiff*